Filed 6/6/22  P. v. Peterson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>STANLEY FITZGERALD PETERSON,<br><br>       Defendant and Appellant. | B312069<br><br>Los Angeles County<br>Super. Ct. No. LA041734 |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

————————

A court convicted Stanley Fitzgerald Peterson of assaulting his disabled son and sentenced him to 25 years to life as a third strike offender. Peterson subsequently filed a petition for recall of sentence under Penal Code section 1170.91.[1] The court denied the petition after finding Peterson is ineligible for relief because he was sentenced to an indeterminate term. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2003, the People charged Peterson with assaulting his disabled son by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). Peterson waived his right to a jury trial, and the court conducted a bench trial. The court found Peterson guilty of violating section 245, subdivision (a)(1). The court further found he had prior convictions for voluntary manslaughter (§ 192, subd. (a)) and criminal threats (§ 422), both of which qualified as strikes for purposes of the Three Strikes law. Accordingly, the court sentenced Peterson to 25 years to life as a third strike offender. Peterson appealed, and this court affirmed the judgment. (See *People v. Peterson* (July 29, 2004, B169151) [nonpub. opn.].)

In 2013, Peterson filed a petition for resentencing under Proposition 36, section 1170.126.[2] While that petition was

---

[1]     Future statutory references are to the Penal Code.

[2]     With some exceptions, Proposition 36 modified California's Three Strikes law to reduce the punishment imposed when a defendant's third felony conviction is not serious or violent. (*People v. Valencia* (2017) 3 Cal.5th 347, 350.) It also enacted a procedure governing inmates sentenced under the former Three Strikes law whose third strike was neither violent nor serious, permitting them to petition for resentencing in accordance with

pending, Peterson filed a petition to recall his sentence under section 1170.91. In support, he submitted evidence showing he was suffering from mental health issues connected to his military service.

On November 30, 2020, the court found Peterson was ineligible for relief under Proposition 36. The court subsequently denied Peterson's section 1170.91 petition after finding he is ineligible for relief because he was sentenced to an indeterminate life term.

Peterson appealed both orders. On January 4, 2022, we affirmed the denial of Peterson's Proposition 36 petition. (See *People v. Peterson* (Jan. 4, 2022, B310533) [nonpub. opn.], review den. Mar. 16, 2022, S273064.) We now consider Peterson's appeal of the order denying his section 1170.91 petition.

## DISCUSSION

Effective January 1, 2015, section 1170.91 requires sentencing courts to consider a defendant's "mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate term under section 1170, subdivision (b)." (*People v. King* (2020) 52 Cal.App.5th 783, 788 (*King*).) Specifically, section 1170.91, subdivision (a), provides as follows: "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance

---

Proposition 36's new sentencing provisions. (*Ibid*.; § 1170.126, subd. (e).)

as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."

"In 2018, the Legislature amended section 1170.91 to provide relief for former or current members of the military who were sentenced before January 1, 2015, and did not have their mental health and substance abuse problems considered as factors in mitigation during sentencing." (*King, supra*, 52 Cal.App.5th at p. 788.) Under the newly-enacted section 1170.91, subdivision (b), those individuals "may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) . . . ." (§ 1170.91, subd. (b).)

Section 1170.91, subdivision (a), by its plain terms, applies only when the trial court sentences a defendant to a determinate term. (*People v. Estrada* (2020) 58 Cal.App.5th 839, 842–843.) Moreover, because section 1170.91, subdivision (b) requires resentencing under subdivision (a), it follows that a petitioner who is currently serving a sentence for a felony conviction is eligible for relief only if the trial court could impose a determinate term at resentencing. (*People v. Stewart* (2021) 66 Cal.App.5th 416, 423–424 (*Stewart*).)

Here, Peterson is serving an indeterminate sentence under the Three Strikes law, and he is not eligible to be resentenced to a determinate term. As a result, he is not entitled to relief under section 1170.91, subdivision (b), and the trial court properly denied his petition. (See *Stewart, supra*, 66 Cal.App.5th at p. 424.)

We reject Peterson's contention that we must remand the matter given there is still a possibility that he will be resentenced to a determinate term under Proposition 36. While Peterson's appeal was pending, we affirmed the denial of his petition for

4

resentencing under Proposition 36, and the Supreme Court denied his petition for review. (See *People v. Peterson* (Jan. 4, 2022, B310533) [nonpub. opn.], review den. Mar. 16, 2022, S273064.) As a result, there is no longer the possibility that he will be resentenced under Proposition 36. In any event, even if Peterson somehow were to obtain relief under Proposition 36 in the future, the trial court would be required to apply section 1170.91, subdivision (a) if it were to impose a determinate term under section 1170.91, subdivision (b). This is true even though the trial court denied Peterson's petition under section 1170.91, subdivision (b).

## DISPOSITION

We affirm the order denying Stanley Fitzgerald Peterson's petition for recall of sentence.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P.J.                                          KIM, J.*

---

*     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5